**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MODESTA LETICIA CARO-PUENTE, AKA Leticia Caro-Puente, | No. 20-70824 |
| Petitioner, | Agency No. A200-248-188 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026**
San Francisco, California

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

Modesta Leticia Caro-Puente, a citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming an order of an

Immigration Judge ("IJ") denying her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("Torture

Convention"). We have jurisdiction under § 242 of the Immigration and

Nationality Act, 8 U.S.C. § 1252. We deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

In rejecting Caro-Puente's appeal, the BIA expressly adopted the IJ's decision and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and the BIA also added some additional reasoning of its own. In these circumstances, we deem the BIA to have adopted all of the grounds provided in the IJ's decision, *see Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc), and we review those various grounds in light of any relevant additional reasoning provided by the BIA, *see Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review questions of law de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In her brief before the BIA, Caro-Puente failed to challenge the IJ's finding that her asylum application was untimely. Because the Government has properly invoked the non-jurisdictional but mandatory exhaustion rule, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023), we cannot consider Caro-Puente's denial of her claim for asylum. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

To be eligible for withholding of removal, an applicant must show that she

would likely suffer persecution because of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Before the IJ, Caro-Puente asserted that she faced persecution based on her asserted membership in the particular social group of "women who are unable to leave their relationship." We conclude that Caro-Puente's claim for withholding of removal based on this proposed particular social group was properly rejected.[1]

To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (citation omitted). As the agency correctly concluded, to the extent that Caro-Puente contends that she is a member of her proposed social group of "women who are unable to leave their relationship," the resulting group lacks immutability because Caro-Puente was in fact able to leave her partner, which she did "on multiple occasions" and ultimately married someone else. That is, Caro-Puente's own circumstances demonstrate that

---

[1] The BIA did not err in declining to consider an additional proposed social group that Caro-Puente sought to assert for the first time on appeal, namely "Mexican women who are seen as property by virtue of their domestic relationship." *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding that "the [BIA] did not err when it declined to consider [petitioner's] proposed particular social groups that were raised for the first time on appeal").

her conception of what constitutes an inability to leave a relationship is not a characteristic that she "either cannot change, or should not be required to change," as is necessary to establish immutability. *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citation omitted). Viewed another way, the agency's reasoning correctly recognized that, to the extent that an inability to leave could be deemed to be immutable, Caro-Puente was not a member of her own proposed social group. Because these grounds suffice to uphold the agency's rejection of Caro-Puente's withholding claim, we need not consider her challenges to the agency's alternative grounds for rejecting that claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

The agency permissibly rejected Caro-Puente's Torture Convention claim. Substantial evidence supports the agency's conclusion that she failed to show that it is more likely than not that she would be tortured by her former partner with the government's acquiescence if she is returned to Mexico.[2]

**PETITION DENIED.**

---

[2] The pending motion for a stay of removal (Dkt. 1) is denied, and the temporary stay of removal is lifted forthwith.